**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OLGA CALDERON, CESAR AVALOS, ROMAN CARRILLO, RAUL ESCOBAR, FLORENTINO ARANDA, PEDRO ARANDA, MANUEL CHIMBORAZO, and MIGUEL MOLINA on behalf of themselves and others similarly situated, | ) ) ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| D'AGOSTINO'S PIZZA WRIGLEYVILLE, INC., D'AGOSTINO'S PIZZERIA II, INC., JOSEPH D'AGOSTINO, SCOTT D'AGOSTINO, | ) ) ) ) |
| | ) |
| Defendants. | ) |

Case No. 1:19-cv-3136

**JURY DEMANDED**

## COMPLAINT

Plaintiffs Olga Calderon, Cesar Avalos, Roman Carrillo, Raul Escobar, Florentino Aranda, Pedro Aranda, Manuel Chimborazo, and Miguel Molina complain against Defendants D'Agostino's Pizza Wrigleyville, Inc. ("D'Agostino's Wrigleyville"), D'Agostino's Pizzeria II, Inc. ("D'Agostino's Ogden"), Joseph D'Agostino, and Scott D'Agostino (collectively, "Defendants"), alleging claims under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the City of Chicago Minimum Wage Ordinance ("the "Ordinance").

## Introduction

1.      Defendants operate D'Agostino's pizza restaurants that are located in the City of Chicago and the Chicago suburbs. Defendants pay their pizza delivery drivers on a per-delivery

basis, compensating them just $3.00 per delivery, regardless of how many of hours they work and regardless of how many deliveries they perform each day.

2.     Additionally, Defendants engage in a scheme in which they pay their cooks (using a payroll check) at their regular hourly rate for their first forty hours of work and pay them in cash (at the same regular hourly rate rate) for all hours in excess of forty in a workweek.

3.     Plaintiffs, on behalf of themselves and others similarly situated, seek to recover unpaid minimum and overtime wages they are owed as a result of the Defendants' illegal payroll practices.

**Parties**

4.     Plaintiff Olga Calderon worked as a delivery driver at D'Agostino's Wrigleyville from approximately February 2018 to the present.

5.     Plaintiff Cesar Avalos worked as a delivery driver at D'Agostino's Wrigleyville from approximately 2003 to the present.

6.     Plaintiff Roman Carrillo worked as a delivery driver at D'Agostino's Wrigleyville from approximately 2006 to the present.

7.     Plaintiff Florentino Aranda worked as a delivery driver at D'Agostino's Wrigleyville from approximately 2005 to the present.

8.     Plaintiff Pedro Aranda worked as a delivery driver at D'Agostino's Wrigleyville from approximately 2010 to the present.

9.     Plaintiff Manuel Chimborazo worked as a cook at both D'Agostino's Wrigleyville and D'Agostino's Ogden from approximately March 2004 to March 2019.

10.     Plaintiff Miguel Molina worked as a cook at D'Agostino's Wrigleyville and D'Agostino's Ogden from approximately 2005 to 2018.

11.     Defendant D'Agostino's Wrigleyville is an Illinois corporation that operates a pizza restaurant at 1351 W. Addison in Chicago. D'Agostino's Wrigleyville employed Plaintiffs for purposes of the FLSA, IMWL, and the Ordinance.

12.     Defendant D'Agostino's Pizzeria II, Inc. is an Illinois corporation that operates a pizza restaurant at 752 W. Ogden in Chicago. D'Agostino's Ogden employed Plaintiffs for purposes of the FLSA, IMWL, and the Ordinance.

13.     Defendant Joseph D'Agostino owns, operates, and is the president of D'Agostino's Wrigleyville. Joseph D'Agostino employed Plaintiffs for purposes of the FLSA, IMWL, and the Ordinance.

14.     Defendant Scott D'Agostino owns, operates, and is the president of D'Agostino's Pizzeria II, Inc. He also operates D'Agostino's Wrigleyville. Scott D'Agostino employed Plaintiffs for purposes of the FLSA, IMWL, and the Ordinance.

## Enterprise Coverage

15.     During relevant times, Defendants constituted an "enterprise" as that term is defined in the FLSA, because they performed related activities (either through unified operation or common control) for a common business purpose – namely, operating multiple pizza restaurants.

16.     The annual sales of Defendants' pizza restaurants exceed $500,000.00.

17.     Plaintiffs and other workers handled materials that moved in interstate commerce when they performed work for Defendants.

18.     In particular, Plaintiffs handled pizza ingredients, pizza boxes, their cell phones, and their work vehicles.

**Jurisdiction and Venue**

19.     Venue is proper in this district because, at all relevant times, Defendants employed Plaintiffs in Cook County and this judicial district.

20.     The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Facts**

21.     Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda worked for Defendants as pizza delivery drivers during the past three years.

22.     Defendants' payroll practices, as they pertained to their delivery drivers, were the same at the D'Agostino's Ogden and D'Agostino's Wrigleyville locations.

23.     Defendants paid delivery drivers $3.00 per delivery.

24.     In addition to the $3.00 delivery fee, Defendants sometimes paid Plaintiffs Escobar and Avalos an additional $25.00 if they worked a weekday morning shift (10:30 a.m. to 4:00 p.m.) and made ten or fewer deliveries during that shift. Defendants paid Plaintiff Escobar this $25.00 payment roughly once per month, while Defendants paid Plaintiff Avalos this $25.00 payment approximately 2-4 times per month.

25.     Defendants paid Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda and the other delivery drivers at a rate of less than $4.95 per hour.

26.     Plaintiffs Escobar, Avalos, and Carrillo typically worked for Defendants in excess of forty-five hours per week delivering pizzas for D'Agostino's Wrigleyville.

27.     During a typical week, when Plaintiffs Escobar, Avalos, and Carrillo worked for Defendants, they usually performed approximately 100-120 deliveries and drove their cars approximately 200-240 miles per week making deliveries.

28.     Plaintiffs Calderon, Florentino Aranda, and Pedro Aranda typically worked for Defendants thirty hours per week delivering pizzas for D'Agostino's Wrigleyville.

29.     During a typical week, when Plaintiffs Calderon, Florentino Aranda, and Pedro Aranda worked for Defendants, they usually performed approximately 50-60 deliveries and drove their cars approximately 90-120 miles per week making deliveries.

30.     Plaintiffs' mileage expenses related to their pizza deliveries were approximately fifty-five cents per mile. Defendants never reimbursed Plaintiffs for their mileage expenses.

31.     Defendants never paid Plaintiffs Escobar, Avalos, and Carrillo and the other delivery drivers one-and-a-half times their regular rate for hours worked in excess of forty in a workweek.

32.     Defendants paid cooks Molina and Chimborazo $15.00 per hour and $15.50 per hour, respectively.

33.     Defendants paid Molina and Chimborazo (using a payroll check) at their regular hourly rate for their first forty hours of work and then paid them in cash (at the same regular hourly rate rate) for hours over forty in a workweek.

34.     Molina and Chimborazo usually worked between 55-60 hours per week for Defendants.

35.     Defendants never paid Molina or Chimborazo one-and-a-half times their regular hourly rate for hours in excess of forty in a workweek.

**Defendants Controlled How Delivery Drivers Performed Their Jobs.**

36. Defendants required all of their delivery drivers, including Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda, to work certain shifts. Defendants disciplined delivery drivers if they arrived late for a shift, and Defendants prohibited Plaintiffs from leaving their shift without permission.

37. During relevant times, if Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda and the other drivers wished to take time off, then Defendants required them to obtain permission from Defendants' management before taking that time off work.

38. Defendants required Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda and the other drivers to perform all deliveries that management assigned to them. The delivery drivers were not allowed to turn down deliveries or decide the number of orders they would deliver in one trip.

39. Defendants required Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda and the other delivery drivers to wear a D'Agostino's t-shirt when performing deliveries.

40. Defendants posted on the walls of its restaurant signs with the following rules for drivers to follow:

      a.   All drivers must make sure the pop case is filled at all times.

      b.   Drivers are not allowed to drive with anyone else in the car.

      c.   All drivers' cars must pass a car inspection.

      d.   All drivers must wear "Dags'" shirt.

      e.   Any driver that receives a ticket while on a working shift will be fired.

f.   No wearing other restaurants shirts, hats, etc.

g.   No using phones while waiting for orders.

*See* Exhibit A (D'Agostino's Delivery Driver Rules).

**Defendants' Failure to Pay Overtime Premium Pay.**

41.   Defendants never paid Plaintiffs Avalos, Carrillo, Escobar and the other delivery drivers one-and-a-half times their regular hourly rate of pay when they worked in excess of forty hours in a workweek.

42.   Defendants never paid Plaintiffs Chimborazo and Molina one-and-a-half times their regular hourly rate of pay when they worked in excess of forty hours in a workweek.

**Defendants' Failure to Pay the Minimum Wage.**

43.   Defendants never paid their delivery drivers the minimum wage required by the FLSA, IMWL, or the Ordinance. Defendants typically paid Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda and other delivery drivers about $3.00 to $4.00 per hour after accounting for the drivers' mileage expenses.

44.   Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda and the other delivery drivers received tips for some of their deliveries, but Defendants never made the disclosures required by 29 C.F.R. § 531.59.

**FLSA Collective and Class Action Allegations**

45.   Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda bring the claims set forth in Count I, alleging violations of the FLSA minimum wage, as an opt-in representative or collective action on behalf of themselves and an **"FLSA Minimum Wage Class,"** consisting of all delivery drivers who worked for D'Agostino's pizza restaurants operated by Defendants between May 9, 2016 and May 9, 2019.

46.     Plaintiffs Avalos, Carrillo, Escobar, Molina, and Chimborazo bring the claims set forth in Count II, alleging violations of the FLSA overtime provisions, as an opt-in representative or collective action on behalf of themselves and an **"FLSA Overtime Class,"** consisting of all delivery drivers and cooks who worked for D'Agostino's pizza restaurants operated by Defendants between May 9, 2016 and May 9, 2019 and who worked in excess of forty hours in a workweek.

47.     Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda bring the claims set forth in Count III, alleging violations of the IMWL minimum wage provisions, as a Rule 23 Class Action on behalf of themselves and an **"IMWL Minimum Wage Class,"** consisting of all delivery drivers who worked for D'Agostino's pizza restaurants operated by Defendants between May 9, 2016 and May 9, 2019.

48.     Plaintiffs Avalos, Carrillo, Escobar, Molina, and Chimborazo bring the claims set forth in Count IV, alleging violations of the IMWL overtime provisions, as a Rule 23 Class Action on behalf of themselves and an **"IMWL Overtime Class,"** consisting of all delivery drivers and cooks who worked for D'Agostino's pizza restaurants operated by Defendants between May 9, 2016 and May 9, 2019 and who worked in excess of forty hours in a workweek.

49.     Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda bring the claims set forth in Count V, alleging violations of the Ordinance, as a Rule 23 Class Action on behalf of themselves and an **"Ordinance Minimum Wage Class,"** consisting of all delivery drivers who worked for D'Agostino's pizza restaurants operated by Defendants between July 1, 2015 and May 9, 2019.

50.     Plaintiffs Avalos, Carrillo, Escobar, Molina, and Chimborazo bring the claims set forth in Count VI, alleging violations of the Ordinance, as a Rule 23 class action on behalf of

8

themselves and a **"Ordinance Overtime Class,"** consisting of all delivery drivers and cooks who worked for D'Agostino's pizza restaurants operated by Defendants between July 1, 2015 and May 14, 2019 and who worked in excess of forty hours in a workweek.

51. The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

52. The Rule 23 Classes described above are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. On information and belief, at least forty delivery drivers were paid less than the applicable minimum wage, and at least forty delivery drivers and cooks worked over forty hours in a workweek without being paid overtime premium pay.

53. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

   a.   Whether Defendants denied Plaintiffs and the putative Class Members overtime premium pay for hours worked in excess of forty in a workweek; and

   b.   Whether Defendants paid delivery drivers less than the applicable minimum wage.

54. Plaintiffs will fairly and adequately protect the interests of all class members. Plaintiffs are members of each Subclass. Plaintiffs' claims are typical of the claims of all class members. Plaintiffs' interests in obtaining monetary relief for Defendants' violations of the class members' rights is consistent with and not antagonistic to those of any person within the classes.

55. Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

56.     A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

57.     The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

### Count I – Fair Labor Standards Act – Minimum Wage Claim

58.     Plaintiffs incorporate all prior allegations as if fully stated herein.

59.     Defendants employed Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda and other putative class members because Defendants permitted them to deliver their pizzas and exerted substantial control over the manner in which the drivers performed their work.

60.     Defendants did not pay Plaintiffs or other putative class members $7.25 per hour for all hours worked in a workweek.

61.     Defendants' FLSA violations were willful.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

    a.   Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

    b.   Entering judgment in the amount of all unpaid minimum wages due and owing to Plaintiffs and putative class members as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiffs and putative class members their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

### Count II – Fair Labor Standards Act – Overtime Claim

62. Plaintiffs incorporate all prior allegations as if fully stated herein.

63. Defendants employed Plaintiffs Avalos, Carrillo, Escobar, Molina, and Chimborazo and other putative class members because Defendants permitted them to cook and/or deliver their pizzas and exerted substantial control over the manner in which they performed their work.

64. Plaintiffs and other putative class members regularly worked more than forty hours per week for Defendants. Defendants never paid Plaintiffs and other putative class members time-and-a-half for hours worked over forty in a workweek.

65. Defendants' FLSA violations were willful.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to Plaintiffs and putative class members as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiffs and putative class members their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f.   Awarding such other and further relief as this Court deems appropriate and just.

### **Count III – Illinois Minimum Wage Law – Minimum Wage Claim**

66.   Plaintiffs incorporate all prior allegations as if fully stated herein.

67.   Defendants employed Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda and other putative class members because Defendants permitted them to deliver pizzas and exerted substantial control over the manner in which the drivers performed their work.

68.   Defendants did not pay Plaintiffs or other putative class members $4.95 per hour for all hours worked in a workweek.

### **PRAYER FOR RELIEF**

Plaintiffs asks the Court to enter judgment against Defendants and issue an order:

a.   Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.   Appointing Plaintiffs as the representative of the IMWL Minimum Wage Class;

c.   Appointing the undersigned counsel as class counsel;

d.   Declaring that the actions complained of herein violate 820 ILCS 105/4;

e.   Awarding Plaintiffs and putative class members unpaid wages due as provided by the IMWL;

f.   Awarding pre-judgment interest on the back wages in accordance with 815 ILCS 205/2;

g.   Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, pursuant to 820 ILCS 105/12(a);

h.   Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

i.   Awarding such other relief as this Court deems just and proper.

### Count IV – Illinois Minimum Wage Law – Overtime Claim

69.     Plaintiffs incorporate all prior allegations as if fully stated herein.

70.     Defendants employed Plaintiffs Avalos, Carrillo, Escobar, Molina, and Chimborazo and other putative class members because Defendants permitted them to cook and/or deliver their pizzas and exerted substantial control over the manner in which they performed their work.

71.     Plaintiffs and putative class members frequently worked for Defendants in excess of forty hours in a workweek. Defendants did not pay Plaintiffs and other putative class members one-and-a-half times their regular rate of pay for hours worked in excess of forty in a workweek.

### PRAYER FOR RELIEF

Plaintiffs asks the Court to enter judgment against Defendants and issue an order:

a.  Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.  Appointing Plaintiffs as the representative of the IMWL Overtime Class;

c.  Appointing the undersigned counsel as class counsel;

d.  Declaring that the actions complained of herein violate 820 ILCS 105/4a;

e.  Awarding Plaintiffs and putative class members unpaid wages due as provided by the IMWL;

f.  Awarding pre-judgment interest on the back wages in accordance with 815 ILCS 205/2;

g.  Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, pursuant to 820 ILCS 105/12(a);

h.  Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

i.  Awarding such other relief as this Court deems just and proper.

**Count V – City of Chicago Minimum Wage Ordinance – Minimum Wage Claim**

72.     Plaintiffs incorporate all prior allegations as if fully stated herein.

73.     Defendants employed Plaintiffs Calderon, Avalos, Carrillo, Escobar, Florentino Aranda, and Pedro Aranda and other putative class members because Defendants permitted them to deliver pizzas and exerted substantial control over the manner in which the drivers performed their work.

74.     Defendants did not pay Plaintiffs or other putative class members the applicable City minimum wage for all hours worked in a workweek.

**PRAYER FOR RELIEF**

Plaintiffs asks the Court to enter judgment against Defendants and issue an order:

    a.  Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b.  Appointing Plaintiffs as the representative of the Ordinance Minimum Wage Class;

    c.  Appointing the undersigned counsel as class counsel;

    d.  Declaring that the actions complained of herein violate Chicago Municipal Code § 1-24-020;

    e.  Awarding Plaintiffs and putative class members unpaid wages due as provided by the Ordinance;

    f.  Awarding pre-judgment interest on the back wages in accordance with Chicago Municipal Code § 1-24-110;

    g.  Awarding penalties in the amount of three times the amount of all unpaid wages, pursuant to Chicago Municipal Code § 1-24-110;

    h.  Awarding reasonable attorneys' fees and costs of this action as provided by the Ordinance;

    i.  Awarding such other relief as this Court deems just and proper.

## Count VI – City of Chicago Minimum Wage Ordinance – Overtime Claim

75. Plaintiffs incorporate all prior allegations as if fully stated herein.

76. Defendants employed Plaintiffs Avalos, Carrillo, Escobar, Molina, and Chimborazo and other putative class members because Defendants permitted them to cook and/or deliver pizzas and exerted substantial control over the manner in which they performed their work.

77. Plaintiffs and putative class members frequently worked for Defendants in excess of forty hours in a workweek. Defendants did not pay Plaintiffs and other putative class members the overtime rate required by the Ordinance for hours worked in excess of forty in a workweek.

## PRAYER FOR RELIEF

Plaintiffs asks the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs as the representative of the Ordinance Minimum Wage Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate Chicago Municipal Code § 1-24-040;

e. Awarding Plaintiffs and putative class members unpaid wages due as provided by the Ordinance;

f. Awarding pre-judgment interest on the back wages in accordance with Chicago Municipal Code § 1-24-110;

g. Awarding penalties in the amount of three times the amount of all unpaid wages, pursuant to Chicago Municipal Code § 1-24-110;

h. Awarding reasonable attorneys' fees and costs of this action as provided by the Ordinance;

i. Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

/s/Christopher J. Wilmes_____
One of the Attorneys for the Plaintiffs

Matthew J. Piers (Illinois Bar No. 2206161)
Christopher J. Wilmes (Illinois Bar No. 6287688)
Matthew G. Novaria (Illinois Bar No. 6317642)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100