**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **OLGA CALDERON, CESAR AVALOS,** | ) | |
| **ROMAN CARRILLO, RAUL ESCOBAR,** | ) | |
| **FLORENTINO ARANDA, PEDRO** | ) | |
| **ARANDA, MANUEL CHIMBORAZO,** | ) | |
| **MIGUEL MOLINA, and ANDRES** | ) | |
| **ESPARZA on behalf of themselves** | ) | **Case No. 1:19-cv-3136** |
| **and others similarly situated,** | ) | |
| | ) | **Hon. John Z. Lee** |
| | ) | |
| **Plaintiffs,** | ) | **Mag. Judge Sunil Harjani** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **D'AGOSTINO'S PIZZA WRIGLEYVILLE,** | ) | |
| **INC., D'AGOSTINO'S PIZZERIA II, INC.,** | ) | |
| **JOSEPH D'AGOSTINO, and SCOTT** | ) | |
| **D'AGOSTINO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PARTIES' JOINT MOTION FOR APPROVAL OF THEIR**
**SETTLEMENT AGREEMENT**

Plaintiffs Olga Calderon, Cesar Avalos, Roman Carrillo, Raul Escobar, Florentino Aranda, Pedro Aranda, Manuel Chimborazo, Miguel Molina, and Andres Esparza, ("Plaintiffs"), by and through their attorneys, Hughes Socol Piers Resnick & Dym, Ltd., and Defendants, D'Agostino's Pizza Wrigleyville, Inc., D'Agostino's Pizzeria II, Inc., Joseph D'Agostino, and Scott D'Agostino ("Defendants"), by and through their attorneys, Laner Muchin, Ltd., hereby move this Honorable Court for approval of their Settlement Agreement and dismissal of the case initially without prejudice and with leave to reinstate until April 29, 2020 for purposes of enforcing the parties' Settlement Agreement, at which time the dismissal will automatically convert to one with prejudice.

1.      This is an action by pizza delivery drivers and cooks to recover unpaid wages, liquidated damages, and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C § 216 ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4 & 4a and the Chicago Minimum Wage Ordinance ("Wage Ordinance"), Chicago Municipal Code § 1-24-110. Defendants D'Agostino's Pizza Wrigleyville, Inc. ("D'Agostino's Wrigleyville"), D'Agostino's Pizzeria II, Inc. ("D'Agostino's Ogden"), Joseph D'Agostino, and Scott D'Agostino (collectively, "Defendants"), own and operate pizza restaurants in the City of Chicago:  D'Agostino's Wrigleyville and D'Agostino's Ogden. ECF 23, at ¶¶ 1, 13-16.

2.      Plaintiffs Olga Calderon, Cesar Avalos, Roman Carrillo, Raul Escobar, Florentino Aranda, Pedro Aranda, Miguel Molina, Manuel Chimborazo, and Andres Esparza  allege that Defendants willfully violated the FLSA, IMWL, and the Wage Ordinance by not paying them time-and-a-half for hours worked in excess of 40 in a workweek, and/or less than the applicable minimum wage, and/or less than the amounts required by the Wage Ordinance. *See* 29 U.S.C. §§ 206-207; 820 ILCS 105/4-4a; Chicago Municipal Code § 1-24-110.

3.      Both Plaintiffs' Counsel and Defendants' Counsel have conducted thorough investigations into the merits of the potential claims and defenses and the damages to which Plaintiffs may be entitled if Plaintiffs prevail. The Parties engaged in informal discovery, including the production of electronic data regarding Plaintiffs' pay, time records and other records showing hours worked, which Plaintiffs' Counsel reviewed and analyzed with the assistance of an outside expert.

4.      On December 9, 2019, the Parties (along with a former D'Agostino's employee who had not yet joined this lawsuit at the time) reached a settlement after participating in a settlement conference facilitated by Magistrate Judge Harjani. The Defendants and each of the

nine Plaintiffs (along with one other former D'Agostino's employee) subsequently memorialized their settlement into a written Settlement Agreement. Plaintiffs' Counsel believes that the proposed settlement would pay each Plaintiff their complete back pay plus slightly less than the liquidated damages provided under the FLSA, plus all attorneys' fees and costs.

5.      The Settlement Agreement – which has been filed with the Court as Exhibit A to this Motion – identifies all terms of the settlement, including the individual settlement awards that will be paid to each Plaintiff and the attorneys' fees and costs award that will be paid to Plaintiffs' Counsel. The attorneys' fees and costs are reasonable because they are less than the amount that Plaintiffs agreed to pay Plaintiffs' Counsel in Plaintiffs' signed retainer agreements and approximate Plaintiffs' Counsel's lodestar to date.

6.      In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at \*6 (N.D. Ill. Nov. 7, 2001); *see also Cheeks v. Freeport Pancake House, Inc.*, 496 F.3d 199  (2d Cir. 2015). A plaintiff may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether  the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA  provisions." *Id*. at 1353, 1355. If a settlement in a FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

7.      As explained, the settlement was reached after discovery and at a settlement conference with Magistrate Judge Harjani where all Plaintiffs attended. Therefore, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness). Should this matter have continued, the Parties would have proceeded written and oral discovery of all Plaintiffs, and potentially filed dispositive motions. If Plaintiffs prevailed on their claims, Defendants would be faced with the prospect of a verdict against them and the obligation to pay attorneys' fees and costs. If Defendants prevailed, Plaintiffs faced dismissal of their claims and no recovery.

8.      The Parties have attached a Proposed Order to this Motion and submitted it via email to the Court's proposed order e-mail address. The settlement provides a payment plan in two installments. Therefore, the Proposed Order dismisses the case initially without prejudice, with leave to reinstate on or before April 29, 2020, only for purposes of enforcing the Parties' Settlement Agreement. If the Plaintiffs do not move to reinstate the case on or before April 29, 2020, then the Court's order will convert automatically to a dismissal with prejudice.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court: (1) grant the Motion; (2) enter the attached Proposed Order or an Order substantially similar to it in which the Court approves of the Settlement Agreement; (3) initially dismisses Plaintiffs' Complaint and all other claims without prejudice with leave to reinstate on or before April 29, 2020, only for purposes of enforcing the Parties' Settlement Agreement; and (4) any other relief that the Court deems appropriate.

Dated:  January 13, 2020                              ALL PLAINTIFFS,


                                                      By: s/*Christopher J. Wilmes*
                                                              Plaintiffs' Attorney

Matthew J. Piers
Christopher J. Wilmes
Matthew G. Novaria
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 604-2636


Dated:  January 13, 2020                              D'AGOSTINO'S PIZZA WRIGLEYVILLE,
                                                      INC., D'AGOSTINO'S PIZZERIA II, INC.,
                                                      JOSEPH D'AGOSTINO, AND SCOTT
                                                      D'AGOSTINO


                                                      By: s/*Antonio Caldarone*
                                                              One of Defendants' Attorneys

Antonio Caldarone
Laner Muchin, Ltd.
515 N. State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800

5