Exhibit A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiffs, Florentino Aranda, Pedro Aranda, Cesar Avalos, Olga Calderon, Roman Carrillo, Manuel Chimborazo, Raul Escobar, Andres Esparanza, Miguel Molina and Cesar Rebollar (collectively referred to as "Plaintiffs"), and D'Agostino's Pizza Wrigleyville, Inc., D'Agostino's Pizzeria II, Inc., Scott D'Agostino, and Joseph D'Agostino (collectively referred to as "Defendants") (together Plaintiffs and Defendants are referred to as the "Parties") enter into this Settlement Agreement and General Release (the "Agreement") to voluntarily agree to completely settle and resolve all claims Plaintiffs may have against Defendants as specified below.

WHEREAS, on May 9, 2019, the Plaintiffs filed a Complaint against Defendants, alleging violations of the Fair Labor Standards Act, Illinois Minimum Wage Law and the Chicago Minimum Wage Ordinance, Case No. 19 C 3136 (the "Lawsuit"); and

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience and enter this Agreement to resolve all claims, including attorneys' fees, against Defendants as specified herein;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows:

1. **Plaintiffs' Execution of the Settlement Agreement and Release.**

As a condition precedent to Defendants' obligations under this Agreement, including the payment of monies, all Plaintiffs must execute this Agreement. If any Plaintiff fails to execute this Agreement, this Agreement shall become null and void.

2. **Payment Terms and Consideration.**

In consideration for the promises in this Agreement, Defendants shall cause to be paid to Plaintiffs the gross sum of Two-Hundred Eighty Thousand and 00/100 Dollars ($280,000.00) as set forth in the schedule attached as Exhibit 1 (the "Settlement Payments"). The following conditions precedent to Defendants' obligations under this Agreement, including the payment of monies, must be satisfied: (i) the Court approves this Agreement; (ii) the Court dismisses the Lawsuit initially without prejudice and will automatically become a dismissal with prejudice on a date after the final payment with each party responsible for their own fees and costs (subject to this Agreement); (iii) the revocation period applicable to the persons identified in Section 9 expires without revocation; and (iv) Defendants' counsel receives copies this Agreement signed and dated by all Plaintiffs. The Settlement Payments shall be paid in two installments as follows:

a. The first installment payment in the gross amount of One Hundred Forty Thousand and 00/100 Dollars ($140,000) will be made within thirty (30) days of the last of the conditions set forth in Section 2(i)-(iv) are satisfied. The individual amounts paid in the first installment payment are identified in Exhibit 1.

b.      The second installment payment in the gross amount of One Hundred Forty Thousand and 00/100 Dollars ($140,000) will be made sixty (60) days after the first installment. The individual amounts paid in the second installment payment are identified in Exhibit 1.

c.      The above Settlement Payments include a payment in the gross amount of $100,000 for payment of attorneys' fees and costs, made payable to Hughes Socol Piers Resnick Dym, Ltd. Plaintiffs' counsel will provide Defendants with an IRS Form W-9 for Hughes Socol Piers Resnick Dym, Ltd. The installment payments for attorneys' fees and costs shall be in accordance with subsections (a)-(b) above and in the amounts identified in Exhibit 1. Plaintiffs and their counsel agree that this amount fully satisfies any right they may have to recover attorneys' fees and costs from Defendants in connection with any claims that are released in this Agreement, and they hereby waive, compromise, release and discharge any such claims and/or liens. Plaintiffs' and their counsel further agree and understand that the amount in attorneys' fees and costs paid under this Agreement will be the full, final, and complete payment of all attorneys' fees and costs associated with the Lawsuit, except as otherwise provided for in this Agreement.

d.      As illustrated on Exhibit 1, forty percent (40%) of monies paid to each Plaintiff shall be considered wages and subject to regular payroll withholdings and other legally required deductions. Plaintiffs will provide Defendants IRS Form W-4s. An IRS Form W-2 will be issued to each Plaintiff for those amounts. The remaining sixty percent (60%) of monies paid to each Plaintiff shall be considered payment for liquidated damages, treble damages penalties, interest, any other damages associated with their claims in the Lawsuit and for other consideration for their promises in this Agreement. An IRS Form 1099 will be issued each Plaintiff for those amounts.

e.      Any checks that are not negotiated and/or cashed after ninety (90) days of their date of issuance shall be void, and Defendants shall have no obligation to make any other payments with respect to voided checks.

f.      The Parties agree that the Settlement Payments constitute good, valid and sufficient consideration for this Agreement and Plaintiffs agree that, with these Settlement Payments, their claims for compensation for all hours worked and at the proper rate of pay in accordance with federal, state, and local wage laws, regulations and/or ordinances has been fully satisfied, and that there are no unpaid wages or any other forms of compensation, damages, and/or penalties due to them from Defendants and the Released Parties (as defined in this Agreement).

3.      **General Release by Plaintiffs.**

a.      Except as to any claims that cannot be released under applicable law, Plaintiffs release, waive, settle, comprise and forever discharge any and all claims against Defendants that they have as of the time of the execution of this Agreement, whether known or unknown to Plaintiffs and whether asserted or unasserted. Plaintiffs further waive any right to any form of damages (including, but not limited to lost wages, compensatory damages, liquidated damages, or punitive damages), reinstatement, attorneys' fees and costs, or other remedy in any action brought by them or on their behalf.

b.      Without limiting the foregoing, this release specifically includes all claims of Plaintiffs for unpaid wages, including without limitation minimum wages and overtime wages and retaliation.  This release also includes any and all claims based directly or indirectly upon Plaintiffs' employment and/or business relationship with Defendants, the cessation of the Named Plaintiffs' employment and/or business relationship with Defendants, whether related or unrelated to their employment.  This release also includes any and all claims under the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, Cook County Minimum Wage Ordinance, Chicago Minimum Wage Ordinance, the Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Equal Pay Act of 1963, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Civil Rights Act of 1866, the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act, the National Labor Relations Act, the Illinois Human Rights Act, the Illinois Equal Pay Act, the Cook County Human Rights Ordinance, and the City of Chicago Human Rights Ordinance.  This release also includes any and all tort claims and claims Plaintiffs may have arising from any federal, state, or local constitution, statute, regulation, rule, ordinance, order, public policy, contract, or common law.

c.      This release includes all equitable and legal relief, attorneys' fees, and costs. In particular, this Agreement is intended to be a resolution of any possible claims and the Parties agree that neither party is a "prevailing party."  Moreover, Plaintiffs specifically intend and agree that this Agreement fully contemplates all claims for attorney's fees and costs, and hereby waives, compromises, releases and discharges any such claims.

d.      Plaintiffs agree that this release includes all claims and potential claims against Scott D'Agostino, Joseph D'Agostino, D'Agostino's Pizza Wrigleyville, Inc., D'Agostino's Pizzeria II, Inc. and any affiliated companies, including their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and as intended third-party beneficiaries, their predecessors, successors, heirs, and assigns, and their past, present and future owners, directors, officers, members, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties") and that arise out of Plaintiffs' employment with the Company, the cessation of their employment with the Company, or any other interaction that the Plaintiffs had with the Company, Scott D'Agostino, or Joseph D'Agostino.

e.      As used throughout this Agreement, the term "Plaintiffs" includes each and every Plaintiff and their agents, representatives, assigns, heirs, executors, beneficiaries, trustees.

**4.      <u>General Release by Defendants</u>**

Except as to any claims that cannot be released under applicable law, Defendants release, waive, settle, comprise and forever discharge any and all claims against Plaintiffs that they have or may have as of the time that Defendants execute this Agreement, whether known or unknown to Defendants and whether asserted or unasserted.

5.    <u>**Promise Not to Sue.**</u>

Plaintiffs promise and covenant that they will not file any lawsuit, join, opt-into or otherwise be a class member in any lawsuit or claim against the Released Parties based upon any claim covered under the foregoing release in Section 3. Plaintiffs agree that, if any of them receive notice that they are a member of a class action involving a claim that has been released in this Agreement, the Plaintiff will take all necessary steps to opt-out or exclude himself or herself as a class member. This Section does not prohibit any of the Plaintiffs from bringing any claim under the Age Discrimination in Employment Act, as amended, wherein those Plaintiffs seek to challenge whether they knowingly and voluntarily entered into this Agreement. Nothing in this Agreement restricts Plaintiffs' right to enforce this Agreement and the promises set forth herein.

6.    <u>**Court Approval and Dismissal of Claims.**</u>

No later than January 15, 2020, Plaintiffs will submit this Agreement to the Honorable Judge John Z. Lee for court approval. The Parties will request dismissal of the Lawsuit to be initially without prejudice, with each party to bear its own fees and costs, said dismissal without prejudice shall automatically convert to a dismissal with prejudice on April 30, 2020, unless Plaintiffs file a motion to reinstate for failure to make the Settlement Payments described in Section 2 above. Approval of this Agreement by the Court is a condition precedent to Defendants' obligations contained in this Agreement, including the payment of monies. It is intended that this Agreement shall constitute full and final settlement of all claims alleged in the Lawsuit, and the ultimate dismissal with prejudice shall be binding upon all Plaintiffs. Plaintiffs represent and warrant that they do not presently have any claims other than those that have been asserted in the Lawsuit or could have been asserted in the Lawsuit pending against Defendants or the Released Parties before any court, agency, or other person/entity other than those identified herein.

7.    <u>**No Publication.**</u>

Except as may be necessary in response to lawful process of any judicial or adjudicative authority, or otherwise allowed by law, Plaintiffs and their attorneys will not publicize or notify to any third-party, including, but not limited to, past, present and future employees of Defendants and the Released Parties, any representative of the media, or issue a press release, advertise or post on social media or a website about the settlement of the Lawsuit or the terms of this Agreement. This Section does not apply to communications between a Plaintiff and his/her spouse, attorney and/or paid tax preparer. Nothing in this Section prevents Plaintiffs from publicly filing this Agreement with the Court for purposes of obtaining the Court's approval.

8.    <u>**Time to Consider This Agreement.**</u>

Florentino Arnada, Olga Calderon, Raul Escobar, Pedro Aranda, and Roman Carrillo understand that they have been given twenty-one (21) days to consider this Agreement (the "consideration period"), and agrees that this consideration period has been reasonable and adequate. They will have seven (7) days from the date they sign this Agreement to revoke it if they so desire. To revoke, their attorney will inform Defendants' attorney in writing within twenty-

four hours of their revocation. This Agreement shall not become effective or enforceable until this seven (7) day revocation period has expired, without revocation, provided the Parties have also continued to meet all of the conditions in this Agreement.

### 9. Taxation.

Plaintiffs will submit to Defendants an IRS W-4 form containing either their Social Security Number or a Taxpayer Identification Number. If any Plaintiff is unable to provide a Social Security Number or Taxpayer Identification Number by the time the first installment payment is due, then Defendants will hold the back wages portion of his Settlement Payment for sixty days to allow the Plaintiff additional time to provide a Social Security Number or Taxpayer Identification Number. If the Plaintiff provides Defendants a completed IRS W-4 Form before the end of the sixty-day period, then Defendants shall pay Plaintiff the withheld back wages within ten (10) days of receiving the completed W-4 Form. If the Plaintiff is still unable to provide a Social Security Number or Tax Identification Number sixty days after the first installment is due, then Defendants will make the maximum possible withholding from the back wages portion of the Settlement Payments. Plaintiffs each agree that they alone are responsible for payment of any federal, state and/or local taxes or other assessments regarding the foregoing payments, except for the payroll taxes withheld from the portion of the Settlement Payments designated as wages. Each Plaintiff further agrees to indemnify Defendants from any tax liability against any Plaintiff by any taxing authority related to any payments made in connection with this Agreement.

### 10. Medicare and Social Security.

Plaintiffs hereby warrant and represent that Plaintiffs presently are not, nor have Plaintiffs ever been enrolled in Medicare Part A or Part B or applied for such benefits, and that Plaintiffs have no claim for Social Security Disability benefits nor are Plaintiffs appealing or re-filing for Social Security Disability benefits. Plaintiffs further warrant and represent that Plaintiffs did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this Agreement. Plaintiffs also warrant and represent that Medicare has not made any payments to or on behalf of Plaintiffs, nor have Plaintiffs made any claims to Medicare for payments of any medical bills, invoices, fees or costs, arising from or related to any of the claims released by this Agreement. Plaintiffs agree to indemnify and hold Defendants and the Released Parties harmless from (a) any claims of, or rights of recovery by Medicare and/or persons or entities acting on behalf of Medicare as a result of any undisclosed prior payment or any future payment by Medicare for or on behalf of Plaintiffs, and (b) all claims and demands for penalties based upon any failure to report the Settlement Payments, late reporting, or other alleged violation of Section 111 of the Medicare, Medicaid and SCHIP Extension Act that is based in whole or in part upon late, inaccurate, or inadequate information provided to Defendants by Plaintiffs. Plaintiffs agree to hold harmless Defendants and the Released Parties from and/or for any loss of Medicare benefits or Social Security benefits (including Social Security Disability) Plaintiffs may sustain as a result of this Agreement.

11.    **Nonadmission.**

This Agreement shall not be construed as: (a) an admission by Defendants or the Released Parties of any: (i) liability or wrongdoing to Plaintiffs, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. Defendants specifically deny any liability or wrongdoing.

12.    **Right to Counsel.**

Plaintiffs acknowledge that they have been advised by competent legal counsel of their own choosing, the attorneys with the law firm of Hughes Socol Piers Resnick Dym, Ltd., in connection with the review and execution of this Agreement and that they have had an opportunity to, and did, negotiate over the terms of this Agreement.

13.    **Non-Assignment.**

Plaintiffs expressly promise Defendants and the Released Parties that they have not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties; (b) any rights that they may have had to assert claims on each of their behalf or on behalf of others against the Released Parties; and (c) any right they have or may have to the Settlement Payments. Plaintiffs promise that any monies, benefits or other consideration they receive from Defendants are not subject to any liens, garnishments, mortgages or other charges, and no one else has any claim to any portion of the Settlement Payments.

14.    **Complete Agreement.**

This Agreement sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof and any prior oral communications are superseded by this Agreement, except that the Separation Agreement and Limited Release between Florentino Aranda and D'Agostino's Pizza Wrigleyville, Inc. shall not be superseded and shall be read together with this Agreement. The Parties understand and agree that all of the terms and promises of this Agreement, other than the "Whereas" clauses which are informational, are contractual and not a mere recital. This Agreement supersedes any and all prior agreements, understandings and communications between the Parties.

15.    **Counterparts.**

This Agreement may be executed in one or more actual or .pdf counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

16.    **<u>Entire Agreement.</u>**

   This Agreement and the attached Exhibit contain the entire agreement of the parties.  It may not be changed orally but only by an agreement in writing signed by all the parties hereto.

17.    **<u>Plaintiffs' Acknowledgment.</u>**

   Plaintiffs declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to be understood by them.  Plaintiffs fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily, without coercion enter into this Agreement.  Further, Plaintiffs agree and acknowledge that they have had sufficient time and full opportunity to investigate all matters pertaining to their claims in this Lawsuit and that the waiver and release of those rights or claims they may have under any local, state or federal law is knowing and voluntary.

**\* Signatures Begin on the Next Page \***

FLORENTINO ARANDA

Date: 1 07 / 2020

PEDRO ARANDA

Date:

CESAR AVALOS

Date:

OLGA CALDERON

Date:

D'AGOSTINO'S PIZZA WRIGLEYVILLE, INC.

By:

Its: Secretary

Date: 1-10-20

D'AGOSTINO'S PIZZA II. INC.

By:

Its: President

Date: 1-10-20

JOSEPH D'AGOSTINO

Date: 1-10-20

SCOTT D'AGOSTINO

Date: 1-10-20

FLORENTINO ARANDA

D'AGOSTINO'S PIZZA WRIGLEYVILLE, INC.

By:_____

_____

Date:_____

Its:_____

Date:_____

PEDRO ARANDA

D'AGOSTINO'S PIZZA II. INC.

_____

Date: 01-07-2020

By:_____

Its:_____

Date:_____

CESAR AVALOS

JOSEPH D'AGOSTINO

_____

_____

Date:_____

Date:_____

OLGA CALDERON

SCOTT D'AGOSTINO

_____

_____

Date:_____

Date:_____

FLORENTINO ARANDA

D'AGOSTINO'S PIZZA WRIGLEYVILLE, INC.

_____

By:_____

Date:_____

Its:_____

Date:_____

PEDRO ARANDA

D'AGOSTINO'S PIZZA II. INC.

_____

By:_____

Date:_____

Its:_____

Date:_____

CESAR AVALOS

JOSEPH D'AGOSTINO

*Cesar Avalos*

_____

Date: Jan 7 / 2020

Date:_____

OLGA CALDERON

SCOTT D'AGOSTINO

_____

_____

Date:_____

Date:_____

FLORENTINO ARANDA

D'AGOSTINO'S PIZZA WRIGLEYVILLE,
INC.

_____

By:_____

Date:_____

Its:_____

Date:_____

PEDRO ARANDA

D'AGOSTINO'S PIZZA II. INC.

_____

By:_____

Date:_____

Its:_____

Date:_____

CESAR AVALOS

JOSEPH D'AGOSTINO

_____

_____

Date:_____

Date:_____

OLGA CALDERON

SCOTT D'AGOSTINO

_Olga Lidia Calderon_

_____

Date: 01 - 08 - 2020

Date:_____

ROMAN CARRILLO                                 MANUEL CHIMBORAZO

_Roman Carrillo_                               _____

Date:___01-08 - 2020___                        Date:_____

RAUL ESCOBAR                                   ANDRES ESPARANZA


_____                _____

Date:_____           Date:_____

MIGUEL MOLINA                                  CESAR REBOLLAR


_____                _____

Date:_____           Date:_____

ROMAN CARRILLO

_____

Date:_____

RAUL ESCOBAR

_____

Date:_____

MIGUEL MOLINA

_____

Date:_____

MANUEL CHIMBORAZO

_____

Date: 1 - 6 - 2020_____

ANDRES ESPARANZA

_____

Date:_____

CESAR REBOLLAR

_____

Date:_____

ROMAN CARRILLO                                    MANUEL CHIMBORAZO

_____                  _____

Date:_____                Date:_____

RAUL ESCOBAR                                      ANDRES ESPARANZA

_01/09/2020_

_____                  _____

Date:_____                Date:_____

MIGUEL MOLINA                                     CESAR REBOLLAR

_____                  _____

Date:_____                Date:_____

ROMAN CARRILLO                          MANUEL CHIMBORAZO

_____                 _____

Date:_____                Date:_____

RAUL ESCOBAR                            ANDRES ESPARANZA

_____                 _____

Date:_____                Date: 1-8-2020

MIGUEL MOLINA                           CESAR REBOLLAR

_____                 _____

Date:_____                Date:_____

ROMAN CARRILLO

MANUEL CHIMBORAZO

_____

_____

Date:_____

Date:_____

RAUL ESCOBAR

ANDRES ESPARANZA

_____

_____

Date:_____

Date:_____

MIGUEL MOLINA

CESAR REBOLLAR

_Miguel molina_____

_____

Date:___OL O 9 - 20 - 20_____

Date:_____

ROMAN CARRILLO

MANUEL CHIMBORAZO

_____

_____

Date:_____

Date:_____

RAUL ESCOBAR

ANDRES ESPARANZA

_____

_____

Date:_____

Date:_____

MIGUEL MOLINA

CESAR REBOLLAR

_____

_____

Date:_____

01/07/2020

Date:_____

## Exhibit 1

### First Installment Payment Amounts

| Name | Non-Wage Amount | Back Wage Amount |
|---|---|---|
| Manuel Chimborazo | $6,960.00 | $4,640.00 |
| Miguel Molina | $3,322.50 | $2,215.00 |
| Andres Esparza | $1,522.50 | $1,015.00 |
| Cesar Avalos | $9,352.50 | $6,235.00 |
| Olga Calderon | $2,175.00 | $1,450.00 |
| Raul Escobar | $13,050.00 | $8,700.00 |
| Pedro Aranda | $1,740.00 | $1,160.00 |
| Tino Aranda | $6,090.00 | $4,060.00 |
| Roman Carrillo | $5,872.50 | $3,915.00 |
| Cesar Rebollar | $3,915.00 | $2,610.00 |
| Hughes Socol Piers Resnick & Dym, Ltd. | | $50,000.00 |

### Second Installment Payment Amounts

| Name | Non-Wage Amount | Back Wage Amount |
|---|---|---|
| Manuel Chimborazo | $6,960.00 | $4,640.00 |
| Miguel Molina | $3,322.50 | $2,215.00 |
| Andres Esparza | $1,522.50 | $1,015.00 |
| Cesar Avalos | $9,352.50 | $6,235.00 |
| Olga Calderon | $2,175.00 | $1,450.00 |
| Raul Escobar | $13,050.00 | $8,700.00 |
| Pedro Aranda | $1,740.00 | $1,160.00 |
| Tino Aranda | $6,090.00 | $4,060.00 |
| Roman Carrillo | $5,872.50 | $3,915.00 |
| Cesar Rebollar | $3,915.00 | $2,610.00 |
| Hughes Socol Piers Resnick & Dym, Ltd. | | $50,000.00 |