IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLGA CALDERON, CESAR AVALOS, ROMAN CARRILLO, RAUL ESCOBAR, FLORENTINO ARANDA, PEDRO ARANDA, MANUEL CHIMBORAZO, MIGUEL MOLINA, and ANDRES ESPARZA on behalf of themselves and others similarly situated, | Case No. 1:19-cv-3136 |
| | Hon. John Z. Lee |
| Plaintiffs, | Mag. Sunil Harjani |
| v. | |
| D'AGOSTINO'S PIZZA WRIGLEYVILLE, INC., D'AGOSTINO'S PIZZERIA II, INC., JOSEPH D'AGOSTINO, and SCOTT D'AGOSTINO, | |
| Defendants. | |

## ORDER

This matter coming before the Court on the Parties' Joint Motion for Approval of their Settlement Agreement (the "Motion"), IT IS HEREBY ORDERED:

1. This is an action by pizza delivery drivers and cooks to recover unpaid wages, liquidated damages, and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C § 216 ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4 & 4a, and the Chicago Minimum Wage Ordinance ("Ordinance"), Chicago Municipal Code § 1-24-110.

2. Defendants D'Agostino's Pizza Wrigleyville, Inc. ("D'Agostino's Wrigleyville"), D'Agostino's Pizzeria II, Inc. ("D'Agostino's Ogden"), Joseph D'Agostino, and Scott D'Agostino (collectively, "Defendants"), own and operate two restaurants in the City of Chicago: D'Agostino's Wrigleyville and D'Agostino's Ogden. ECF 23, at ¶¶ 1, 13-16.

Plaintiffs Miguel Molina, Manuel Chimborazo, Andres Esparza, Raul Escobar, Cesar Avalos, and Roman Camarillo allege that Defendants violated the FLSA and IMWL by not paying them time-and-a-half for hours worked in excess of 40 in a workweek and/or the applicable minimum wage as required by the FLSA, IMWL and Ordinance.

3. The Court has reviewed the Motion and the proposed Settlement Agreement. The Court finds that there is a bona fide legal dispute with respect to all of the Plaintiffs' claims, including their FLSA, IMWL, and Ordinance claims. The Court also finds that the total settlement amount and individual settlement awards are reasonable and fair given the legal dispute between the Parties and the risks of litigation. The Court also finds that payment to Plaintiffs' counsel for their attorneys' fees and costs is reasonable.

4. Accordingly, the Court grants the Motion and approves the Settlement Agreement, including the release of all claims against Defendants.

5. This matter is dismissed initially without prejudice with leave to reinstate on or before April 29, 2020, only for purposes of enforcing the parties' Settlement Agreement. If Plaintiffs do not file a motion to enforce the Settlement Agreement on or before April 29, 2020, then the dismissal will convert automatically to a dismissal with prejudice.

Dated: January 15, 2020

*John Z. Lee*

John Z. Lee
United States District Court Judge